UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
WHITE PLAINS COURTHOUSE

| | |
|---|---|
| Clark Alexandre, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against -<br><br>Alcon Laboratories, Inc.,<br><br>Defendant | 7:22-cv-08859<br><br>First Amended<br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Alcon Laboratories, Inc. ("Defendant") manufactures, labels, markets, and sells over-the-counter ("OTC") Extra Strength Once Daily Relief in containers promising a "30 Day Supply" under the Pataday brand ("Product").

 

2. Plaintiff used the Product as directed on the packaging, one drop per day in each eye.

3. Over several months, Plaintiff observed that the bottles lasted approximately twenty days instead of the thirty promised on the label.

4. Initially, Plaintiff thought that he may have purchased irregular batches with less than the amount indicated, so he contacted Defendant.

5. Defendant sent three replacement bottles to Plaintiff yet the issue of the Product lasting roughly twenty days continued.

6. For other months where Plaintiff purchased and used the Product, he did not receive any replacement bottles.

7. The Product contains other representations which are false and misleading.

8. Had Plaintiff and proposed class members known the truth, they would not have bought the Product or would have paid less for it.

9. As a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $12.99 for 2.5 mL (0.085 fl oz), excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## Jurisdiction and Venue

10. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

11. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

12. Plaintiff is a citizen of New York.

13. Defendant is a citizen of Texas and Delaware.

14. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

15. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described here for several years, in thousands of locations, including grocery stores, big box stores, warehouse club stores, drug stores, convenience stores, and online across the States covered by Plaintiff's proposed classes.

16. Venue is in this District with assignment to the White Plains Courthouse because Plaintiff resides in Rockland County and a substantial part of the events and omissions giving rise to these claims occurred in here, including Plaintiff's purchase of the Product and awareness the labeling was false and misleading.

Parties

17. Plaintiff Clark Alexandre is a citizen of Sparkill, New York, Rockland County.

18. Defendant Alcon Laboratories, Inc. is a Delaware corporation with a principal place of business in Fort Worth, Texas, Tarrant County.

19. Defendant is one of the largest producers of eye drops in the world.

20. Plaintiff bought and used the Product to provide eye allergy itch and noticed it did not last thirty days when used as directed, and notified Defendant.

21. Plaintiff purchased the Product on multiple occasions within the statutes of limitations for each cause of action alleged, at CVS and Walgreens stores in Rockland County, New York, during the winter and spring of 2022, among other times.

22. Plaintiff bought the Product because he valued its ability to provide eye allergy itch relief, and expected it would last for 30 days when used as directed, because that is what the representations said and implied.

23. Plaintiff relied on the words, terms coloring, descriptions, layout, placement, packaging, tags, and/or images on the Product, on the labeling, statements, omissions, claims, and instructions, made by Defendant or at its directions, in digital, print and/or social media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

24. Plaintiff bought the Product at or exceeding the above-referenced price.

25. Plaintiff read and relied on the words "Once Daily Relief," "Full 24 Hour," and "30 Day Supply" to expect if it were used once daily with one drop per eye, it would last thirty days.

26. Plaintiff did not expect the Product would last about twenty days, one-third fewer days than promised.

27. Plaintiff paid more for the Product than he would have had he known the representations were false and misleading, as he would not have bought it or paid less.

28. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes.

## Class Allegations

29. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **New York Class:** All persons in the State of New York who purchased the Product during the statutes of limitations for each cause of action alleged.
>
> **Consumer Fraud Multi-State Class**: All persons in the States of South Dakota, West Virginia, South Carolina, Kentucky, Utah, Nebraska, Kansas, and Wyoming, who purchased the Product during the statutes of limitations for each cause of action alleged.

30. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

31. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

32. Plaintiff is an adequate representative because his interests do not conflict with other members.

33. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

34. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

35. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

General Business Law §§ 349 and 350
(On Behalf of the New York Class)

36. Plaintiff incorporates by reference all preceding paragraphs.

37. Plaintiff relied on the representations and omissions and expected the Product would last for 30 days when used as directed, and not a significant number of days less.

38. Plaintiff and class members were damaged by paying more for the Product than they would have if they knew the present facts.

Violation of State Consumer Fraud Acts
(On Behalf of the Consumer Fraud Multi-State Class)

39. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

40. The members of the Consumer Fraud Multi-State Class were harmed in the same manner as Plaintiff, and reserve their rights to assert their consumer protection claims under the

Consumer Fraud Acts of the States they represent and/or the consumer protection statutes invoked by Plaintiff.

Breaches of Express Warranty,<br>
Implied Warranty of Merchantability/Fitness for a Particular Purpose and<br>
Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

41. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff and class members that the Product would last for 30 days when used as directed, and not a significant number of days less.

42. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions distributed to resellers, and targeted digital advertising.

43. Defendant knew the product attributes that potential customers like Plaintiff were seeking, such as eye drops which lasted for the number of days indicated when used as directed, and not a significant number of days less, and developed its marketing and labeling to directly meet those needs and desires.

44. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that it would last for 30 days when used as directed, and not a significant number of days less.

45. The representations were conveyed in writing and promised the Product would be defect-free, and Plaintiff understood this meant that it would last for 30 days when used as directed, and not a significant number of days less.

46. Defendant described the Product so Plaintiff believed it would last for 30 days when used as directed, and not a significant number of days less, which became part of the basis of the bargain that it would conform to its affirmations and promises.

47. Defendant had a duty to disclose and/or provide non-deceptive descriptions and

marketing of the Product.

48. This duty is based on Defendant's outsized role in the market for this type of product, custodian of the Pataday brand.

49. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

50. Plaintiff provided notice to Defendant, its agents, representatives, retailers, and their employees that it breached the Product's express and implied warranties.

51. Defendant sent Plaintiff several new bottles in response to his complaints that the Product did not last thirty days, but a significant number of days less.

52. However, Plaintiff did not receive new bottles corresponding to all the bottles he purchased.

53. Defendant received notice and should have been aware of these issues due to complaints by Plaintiff, third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

54. The Product did not conform to its affirmations of fact and promises.

55. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it would last for 30 days when used as directed, and not a significant number of days less.

56. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because he expected it would last for 30 days when used as directed, and not a significant number of days less, and relied on Defendant's skill and judgment to select or furnish such a suitable product.

### Fraud

57. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it would last for 30 days when used as directed, and not a significant number of days less.

58. Defendant was aware, based on internal studies, of how it did not last for the number of days indicated, and that it could possibly make more money after a prescription was no longer needed for the Product.

### Unjust Enrichment

59. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

### Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;

2. Awarding monetary, statutory and/or punitive damages and interest pursuant to the present claims;

3. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and

4. Other and further relief as the Court deems just and proper.

Dated: March 15, 2023

Respectfully submitted,

/s/Spencer Sheehan

Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com